
# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JEAN MILLER, | Case No.: 2:11-cv-00987-GMN-CWH |
| Plaintiff, | (Case No.: 2:11-cv-00988-GMN-CWH) |
| vs. | **ORDER** |
| MERSCORP Inc. *et al.*, | |
| Defendants. | |

This is a consolidated civil action initially filed in state court by self-represented Plaintiff Jean Miller. Defendants removed the action to federal court on June 15, 2011. (ECF No. 1.) Plaintiff originally filed two actions: (1) *Miller v. MERSCORP Inc., et al.* ("**Miller Rancho Vista**"), 2:11-cv-00987-GMN-CWH relating to the Rancho Vista Property against Defendants Mortgage Electronic Registration Systems, Inc. ("MERS"), BAC Home Loans Servicing ("BACHLS") f/k/a Countrywide Home Loans, Inc., ReconTrust Company, N.A. ("ReconTrust"), Bank of New York Mellon Co. ("BONY") f/k/a The Bank of New York, and MERSCORP, Inc.; and (2) *Miller v. Countrywide Home Loans, Inc., et al.* ("**Miller Starbuck**"), 2:11-cv-00988-GMN-CWH relating to the Starbuck Property against Defendants BACHL, BONY, ReconTrust, MERS and MERSCORP, Inc. Both actions were consolidated under *Miller v. MERSCORP Inc., et al.*, 2:11-cv-00987-GMN-CWH.

Pending before the court are Defendants' Motion to Dismiss (ECF No. 10) and Plaintiff's Motion to Strike Declaration of Gregory J. Miner (ECF No. 20) under the *Miller Rancho Vista* case, 2:11-cv-00987-GMN-CWH . Also pending are Defendants' Motion to Dismiss (ECF No. 10), Plaintiff's Motion to Strike Declaration of Gregory J. Miner (ECF No. 24), and Plaintiff's Motion for Preliminary Injunction (ECF No. 48-4) under the *Miller Starbuck* case, 2:11-cv-

00988-GMN-CWH. Both Motions to Dismiss will be GRANTED, both Motions to Strike will be DENIED, and Plaintiff's Motion for Preliminary Injunction will be DENIED.

## I. BACKGROUND

Plaintiff owns two properties, located at 212 Rancho Vista Drive, Las Vegas, NV, 89108, APN: 139-32-514-037 ("Rancho Vista Property"), and at 1813 Starbuck Drive, Las Vegas, NV, 89108, APN: 138-23-412-045 ("Starbuck Property"). Plaintiff previously filed suit in federal court relating to foreclosure of the two properties in November 2010. *See Miller v. Griffith et al.*, No. 2:10-cv-01994-JCM-PAL, 2011 U.S. Dist. LEXIS 45910 (D. Nev. April 27, 2011).

**Rancho Vista Property.**

Plaintiff secured the $292,000.00 note on her Rancho Vista Property with a Deed of Trust (No. 20051216-0004764) executed on December 13, 2005. ("Deed of Trust" *Miller Rancho Vista* ECF No. 11-3.)[1] The Deed of Trust was recorded on December 16, 2005, naming MERS as beneficiary and nominee for the Lender, Stearns Lending, Inc., and Lender's successors and assigns. (*Id.*) MERS assigned the beneficial interest in the Deed to BONY on March 16, 2011, and the assignment was recorded on March 18, 2011. ("Assignment" *Miller Rancho Vista* ECF No. 1-1.) Plaintiff appears to have stopped making payments on this mortgage as of February 1, 2009. (*See* "Notice of Default" *Miller Rancho Vista* ECF No. 1-1.)

BONY substituted ReconTrust as Trustee on March 16, 2011, and the Substitution of Trustee was recorded on March 18, 2011. ("Substitution of Trustee" *Miller Rancho Vista* ECF No. 1-1.) MERS assigned the beneficial interest in the Deed to BACHLS on April 6, 2011, and the assignment was recorded on April 7, 2011. ("Assignment" *Miller Rancho Vista* ECF No. 11-6.) BACHLS substituted ReconTrust as Trustee on April 6, 2011, and the Substitution of Trustee was recorded on April 7, 2011. ("Substitution of Trustee" *Miller Rancho Vista* ECF No. 11-7.) A Rescission of Election to Declare Default was recorded on April 1, 2011 (No.

---

[1] The court takes judicial notice of the documents provided by Plaintiff and Defendants that were publicly recorded in Clark County. *See* Fed. R. Evid. 201; *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

1  20110401-0003144), rescinding a Notice of Default that was recorded on March 18, 2011 (No.
2  20110318-0002623).² ("Rescission" *Miller Rancho Vista* ECF No. 1-1.) A Notice of Default
3  was recorded on April 7, 2011 (No. 20110407-0000400), that indicated Plaintiff's failure to pay
4  the amount due as of February 1, 2009. ("Notice of Default" *Miller Rancho Vista* ECF No. 1-1;
5  "Notice of Default" *Miller Starbuck* ECF No. 1-1.)

6  Plaintiff does not allege that she is current on her payments. No Certificate of
7  Foreclosure Mediation pursuant to NRS 107.086(2)(c) has been presented to the court. Plaintiff
8  filed suit in state court (Case No. A-11-642162-C) on May 26, 2011. ("Complaint" *Miller
9  Rancho Vista* ECF No. 1-1.) No Trustee's Sale is currently scheduled for the property.
10 ("Supplemental Status Report" *Miller Rancho Vista* ECF No. 49.)

11 **Starbuck Property.**

12 Plaintiff secured the $192,000.00 note on her Starbuck Property with a Deed of Trust
13 (No. 20051215-0005129) executed on December 8, 2005. ("Deed of Trust" *Miller Starbuck*
14 ECF No. 11-4.) The Deed of Trust was recorded on December 15, 2005, naming MERS as
15 beneficiary and nominee for the Lender, Expanded Mortgage Credit, and Lender's successors
16 and assigns. (*Id.*) Plaintiff appears to have stopped making payments on this mortgage as of
17 May 1, 2009. (*See* "Notice of Default" *Miller Starbuck* ECF No. 1-1.)

18 MERS assigned the beneficial interest in the Deed to BONY on August 6, 2010, and the
19 assignment was recorded on September 3, 2010. ("Assignment" *Miller Starbuck* ECF No. 1-1.)
20 BONY substituted ReconTrust as Trustee on December 31, 2010, and the Substitution of
21 Trustee was recorded on January 4, 2011. ("Substitution of Trustee" *Miller Starbuck* ECF No. 1-
22 1.) A Notice of Default was recorded on January 3, 2011, that indicated Plaintiff's failure to pay
23 the amount due as of May 1, 2009. ("Notice of Default" *Miller Starbuck* ECF No. 1-1.)

24 Plaintiff does not allege that she is current on her payments. A Certificate of Foreclosure

25

---

² The Notice of Default that this Rescission purports to rescind was not presented to the court.

Mediation was issued on April 6, 2011 and recorded on May 4, 2011, indicating that the property was a Non-Applicable Property and that "[t]he Beneficiary may proceed with the foreclosure process." ("Certificate" *Miller Starbuck* ECF No. 1-1.)  A Notice of Trustee's Sale scheduled for May 25, 2011 was issued on May 3, 2011 and received by Plaintiff on May 6, 2011. ("Notice of Trustee's Sale" *Miller Starbuck* ECF No. 1-1.)

Plaintiff filed suit in state court (Case No. A-11-642049-C) on May 25, 2011. ("Complaint" *Miller Starbuck* ECF No. 1-1.)  Plaintiff filed a Motion for Preliminary Injunction in state court on June 7, 2011. ("Motion for Preliminary Injunction" ECF No. 48-4.)  Plaintiff filed a Notice of Lis Pendens in state court on June 7, 2011. ("Notice of Lis Pendens" *Miller Starbuck* ECF No. 48-3.)  A Trustee's Sale is currently scheduled for November 10, 2011. ("Supplemental Status Report" *Miller Rancho Vista* ECF No. 49.)

## II.     LEGAL STANDARD

### A.     Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(5) requires that a court dismiss a cause of action where there is insufficient service of process.  Under Nevada law, a specific procedure for serving process on business entities such as Defendants must be followed. *See* NRS 14.020. Service on business entities such as Defendants may not be carried out via certified mail unless authorized pursuant to NRS 14.030.

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l. v. Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them

in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1129 (9th Cir.2008). Rule 8(a)(2) requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Prolix, confusing complaints" should be dismissed because "they impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir.1996). Mindful of the fact that the Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), the Court will view Plaintiff's pleadings with the appropriate degree of leniency.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary

judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend.  The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

**B.  Preliminary Injunction**

A preliminary injunction may be issued if a plaintiff establishes: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008).  Alternatively, "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir.2011). "It frequently is observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 973 (1997) (quoting 11 C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 2948 (2d ed.1995)).

## III.   ANALYSIS

### A.   Motion to Dismiss

Defendants pursue a motion to dismiss based on Fed. R. Civ. P. 12(b)(5) "insufficient service of process" and 12(b)(6) "failure to state a claim upon which relief can be granted." Plaintiff's service by certified mail is not sufficient to meet the requirements of NRS 14.020 or NRS 14.030. (*See Miller Rancho Vista* Ex. A to Petition for Removal of Action, ECF No. 1; *Miller Starbuck* Ex. A to Petition for Removal of Action, ECF No. 1.)  Because Plaintiff failed to properly serve Defendants, Defendants are correct that Plaintiff's claims may be dismissed for insufficient service of process alone.  Also, since Plaintiff has previously filed suit in federal court relating to foreclosure proceedings on these two properties, she has had prior opportunities to perfect her claims.  However, since the court must also determine whether to grant Plaintiff leave to amend her Complaint, a discussion of Plaintiff's claims in the instant case follows.

Plaintiff's Complaint in each action are virtually identical, and in both Plaintiff alleges the same causes of action: (1) Unfair Lending Practices – NRS 598(D); (2) Deceptive Trade Practices; (3) Wrongful Foreclosure; (4) Conspiracy to Commit Fraud and Conversion; (5) Conspiracy to Commit Fraud Related to MERS System; (6) Inspection and Accounting; (7) Unjust Enrichment; (8) Quiet Title; (9) Breach of Good Faith and Fair Dealing; (10) Injunctive Relief; (11) Declaratory Relief; (12) Rescission; (13) Violation of the Fair Housing Act 42 U.S.C. 3601 *et seq.*; and (14) Emotional distress.

**(1)   Unfair Lending Practices – NRS 598D**

A loan servicer that was not involved in the origination of a loan is not subject to a claim under NRS 598D. *Camacho-Villa v. Great Western Home Loans*, No. 3:10-cv-210-ECR-VPC, 2011 WL 1103681, at *6 (D. Nev. March 23, 2011); *See also Contreras v. Master Fin., Inc.*, No. 3:10-cv-0477-LRH-VPC, 2010 WL 460 8300 (D. Nev. Nov. 4, 2010); *Hasan v. Ocwen Loan Servicing, LLC*, No. 2:10-cv-00476-RLH-PAL, 2010 WL 2757971 (D. Nev. July 12, 2010).

Here, none of the Defendants were involved in the origination of Plaintiff's loans. The original Lenders were Stearns Lending, Inc. and Expanded Mortgage Credit. Plaintiff claims that Defendants "knew or should have known" that the loan was made in violation of NRS 598D. However, Plaintiff does not allege any facts to support this claim. Neither does Nevada law provide such support. Therefore, Plaintiff fails to state a claim for unfair lending practices. Defendants' Motion to Dismiss is granted with prejudice as to this cause of action.

**(2) Deceptive Trade Practices**

Plaintiff alleges that Defendants knowingly made false representations in violation of NRS 598.0915 and NRS 598.0923. Fed. R. Civ. P. 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Here, Plaintiff fails to state the time, place or specific content of the misrepresentations as well as the identities of each party to the specific misrepresentation. *See Schreiber Distrib. Co. v. Serve-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (describing the specificity required of fraud claims). The allegations in Plaintiff's Complaint do not support an inference of fraud. Furthermore, a claim under these statutes has a four year statute of limitations, which has now expired; and Plaintiff has not alleged facts upon which this claim may be tolled. *See* NRS 11.190(2)(d). Therefore, Defendants' Motion to Dismiss is granted with prejudice as to this cause of action.

**(3) Wrongful Foreclosure**

Under Nevada common law, "[a]n action for the tort of wrongful foreclosure will lie if the trustor or mortgagor can establish that at the time the power of sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of the power of sale." *Collins v. Union Fed. Sav. & Loan Ass'n,* 662 P.2d 610, 623 (Nev. 1983). A claim for wrongful foreclosure prior to sale is not actionable. *Huggins v. Quality Loan*

*Servicing, LP*, 2011 WL 310490, at * 5 (D.Nev. January 27, 2011).  Plaintiff does not allege that a sale has occurred on either of the properties.  She also does not allege that she has made payments on the mortgages since the 2009 dates noted on the Notices of Default.

Instead, Plaintiff alleges that "Defendants willfully failed to properly review or consider Plaintiffs' HAMP applications and/or further failed to suspend the foreclosure action and/or further failed to provide Plaintiff any alternative foreclosure prevention options as required by HAMP guidelines and/or any other federal applicable guidelines."  Plaintiff has no private right of action under the Home Affordable Modification Program ("HAMP"). *See Corn v. Recontrust Co., N.A.*, No. 3:10-cv-00136-RCJ-VPC, 2011 WL 1135943, at *6 (D. Nev. March 24, 2011) (citing *Simon v. Bank of America, N.A.*, 2010 WL 2609436, at *10 (D. Nev. 2010)).  However, mindful of Plaintiff's *pro se* status, and liberally construing her pleading as a cause of action for statutory defect in foreclosure, the court will examine her allegations accordingly.

An alleged securitization of a loan does not invalidate the Deed of Trust, create a requirement of judicial foreclosure, or prevent Defendants from being holders in due course. *See* NRS 107.080; *Chavez v. California Reconveyance Co.*, 2010 WL 2545006, at *2 (D.Nev.2010) (rejecting an identical argument because "NRS 107.080 does not forbid securitization of a loan").  Furthermore, District of Nevada courts have repeatedly upheld MERS' authority to administer a validly executed Deed of Trust.  For a discussion of MERS' authority in the context of mortgage lending and foreclosures, see *Weingartner v. Chase Home Finance, LLC*, 702 F.Supp.2d 1276, 1278–1283 (D.Nev.2010); *Gomez v. Countrywide Home Loans, Inc. et al.*, No. 2:09–cv–01489–RCJ–LRL, 2009 WL 3617650, at *1–3 (D.Nev.2009).  The publicly recorded documents provided to the court by Plaintiff and Defendants demonstrate proper foreclosure procedure pursuant to NRS 107.080.

Plaintiff alleges no facts that demonstrate wrongful foreclosure, nor statutory defect in foreclosure.  There is no evidence that any foreclosure sale has occurred for either property, and

no trustee's sale is scheduled for the Rancho Vista Property. However, to the extent that Plaintiff is pleading a violation of NRS 107.086(2)(c), the court grants leave to amend as to the Rancho Vista Property only.

**(4) Conspiracy to Commit Fraud and Conversion**

In order to maintain a claim for conspiracy, a Plaintiff must plead facts constituting an underlying wrong. *Paul Steelman Ltd. v. HKS, Inc.*, No. 2:05-cv-01330-BES-RJJ, 2007 WL 295610, at *3 (D. Nev. 2007). Under Nevada law, "[a]n actionable civil conspiracy is a combination of two or more persons who, by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another which results in damage." *Collins v. Union Fed. Sav. & Loan Ass'n.*, 662 P.2d 610, 623 (Nev. 1983). Here, under this cause of action and as described above, Plaintiff fails to state a claim for fraud. Furthermore, conversion is applicable only to personal property, not real property, and Plaintiff does not allege that Defendants have wrongfully exercised dominion over her personal property. *See Villa v. Silver State Financial Services, Inc.*, 2011 WL 1979868, at *9 (D. Nev. May 20, 2011). Therefore, Plaintiff has failed to plead a cause of action for conspiracy to commit fraud and conversion, and does not allege any facts that create a plausible inference of conspiracy. Accordingly, Defendants' Motion to Dismiss is granted with prejudice as to this cause of action.

**(5) Conspiracy to Commit Fraud Related to MERS System**

As described above, the authority of the MERS system to carry out foreclosures has been upheld by the courts. Plaintiff does not allege any facts that create a plausible inference of fraud related to the MERS system. Accordingly, Plaintiff fails to state a claim for conspiracy. Defendants' Motion to Dismiss is granted with prejudice as to this cause of action.

**(6) Inspection and Accounting**

In order to maintain a cause of action for inspection and accounting, Plaintiff must establish "that there exists a relationship of special trust between the plaintiff and defendant."

*Huggins v. Quality Loan Servicing, LP*, No. 2:10-cv-01232-LDG-PAL, 2011 WL 310490, at *6 (D. Nev. Jan. 27, 2011) (quotations omitted). "Absent special circumstances, no such relationship exists between a lender and a borrower." *Id*. As in *Huggins*, Plaintiff has failed to allege any special circumstances sufficient to establish a special relationship with Defendants. Therefore, Defendants' Motion to Dismiss is granted with prejudice as to this cause of action.

**(7) Unjust Enrichment**

Under Nevada law, unjust enrichment occurs when "a person has and retains a benefit which in equity and good conscience belongs to another." *Id*. (quoting *Leasepartners Corp. v. Robert L. Brooks Trust Dated November 12, 1975*, 942 P.2d 182, 187 (Nev. 1997)). "An action 'based on a theory of unjust enrichment is not available when there is an express, written contract, because no agreement can be implied when there is an express agreement.'" *Id*. "The doctrine of unjust enrichment thus only 'applies to situations where there is no legal contract but where the person sought to be charged is in possession of money or property which in good conscience and justice he should not retain but should deliver to another [or should pay for].'" *Id*. Plaintiff's claims are all based on the express, written contracts relating to her properties. Furthermore, Plaintiff's argument that Defendants' receipt of insurance proceeds related to her default constitutes unjust enrichment is unsupported by law. Accordingly, Plaintiff has failed to state a claim for unjust enrichment. Defendants' Motion to Dismiss is granted with prejudice as to this cause of action.

**(8) Quiet Title**

In Nevada, an action to quiet title to real property is an equitable proceeding in which a party seeks to settle a dispute over ownership of property or to remove a cloud upon the title to the property, and is permitted pursuant to NRS 40.010. *See MacDonald v. Krause*, 362 P.2d 724, 727 (Nev. 1961). Such an action requests a judicial determination of all adverse claims to disputed property. *Del Webb Conservation Holding Corp. v. Tolman*, 44 F.Supp.2d 1105, 1110

(D.Nev.1999) (citing *Clay v. Scheeline Banking & Trust Co.*, 159 P. 1081, 1082–83 (Nev.1916)). Here, Plaintiff does not dispute that she has failed to make payments on her mortgages since 2009, nor does she present a valid claim that the foreclosures are defective. Therefore, Plaintiff's claim for quiet title fails. Defendants' Motion to Dismiss is granted with prejudice as to this cause of action.

**(9) Breach of Good Faith and Fair Dealing**

Plaintiff argues that Defendants have breached a duty of good faith and fair dealing relating to HAMP. As discussed above, Plaintiff cannot maintain a private cause of action against Defendants under HAMP. Plaintiff also alleges that Defendants failed "to attend mediation under Nevada's foreclosure mediation program pursuant to House Assembly Bill 149." Plaintiff does not state any facts in support of that allegation, nor does she allege any reason why this would constitute a breach of the duty of good faith and fair dealing. Therefore, Defendants' Motion to Dismiss is granted with prejudice as to this cause of action.

**(10) Injunctive Relief, Declaratory Relief and Rescission**

Claims for injunctive relief, declaratory relief, and rescission are prayers for relief, not independent causes of action. *See In re Wal-Mart Wage and Hour Employment Practices Litig.*, 490 F.Supp.2d 1091, 1130 (D.Nev.2007) (clarifying that "[a]lthough denominated as a separate claim, count nine is not a separate cause of action but a request for injunctive relief" and "is not an independent ground for relief"); *Huggins v. Quality Loan Servicing, LP*, No. 2:10-cv-01232-LDG-PAL, 2011 WL 310490, at *7 (D. Nev. Jan. 27, 2011). Furthermore, the Truth in Lending Act ("TILA"), 15 U.S.C. § 1635(f) applies here to bar rescission "three years after the date of consummation of the transaction." Here, Plaintiff does not allege that her right to rescission is within the statute of limitations. Accordingly, Plaintiff has failed to state a claim upon which relief may be granted. Therefore, Defendants' Motion to Dismiss is granted with prejudice as to this cause of action.

**(11) Violation of the Fair Housing Act 42 U.S.C. 3601 *et seq*.**

Plaintiff alleges that Defendants violated the Federal Housing Act ("FHA"), 42 U.S.C. § 3601, *et seq*., by offering Plaintiff less-favorable loan terms as compared to younger borrowers. The FHA has a statute of limitations of two years.  42 U.S.C. § 3613(a)(1)(A).  Plaintiff does not allege that her claim is within the statute of limitations, and both loans were executed in 2005. Accordingly, Defendants' Motion to Dismiss is granted with prejudice as to this cause of action.

**(12) Emotional distress**

In order to maintain a cause of action for emotional distress, negligent or intentional, Plaintiff must show extreme and outrageous conduct on the part of Defendants.  *See Gomez v. Countrywide Bank, FSB*, 74 Fed. R. Serv. 3d 1339 (D. Nev. 2009) (quoting *Nelson v. City of Las Vegas*, 99 Nev. 548, 665 P.2d 1141, 1145 (1983)).  Plaintiff states no facts supporting such an allegation, nor do her allegations support a plausible inference of such.  Therefore, she fails to state a valid claim for emotional distress.  Accordingly, Defendants' Motion to Dismiss is granted with prejudice as to this cause of action.

**B.     Preliminary Injunction**

Because Plaintiff has not shown that she is likely to succeed on the merits, she has not carried her burden to justify an injunction.  Accordingly, the court will deny the Motion for Preliminary Injunction.

**C.     Motion to Strike**

Fed. R. Civ. P. 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Plaintiff's Motions ask the court to strike the Declarations of Gregory J. Miner (*Miller Rancho Vista* ECF No. 11; *Miller Starbuck* ECF No. 11).  Plaintiff argues that Mr. Miner has no firsthand knowledge of the documents attached to his declaration and that the authenticity of the documents is therefore questionable and/or hearsay.  However, as discussed above, the court may take judicial notice of

publicly recorded documents, and chooses to do so here. The court does not rely on those portions of the Declaration that are not publicly recorded. Therefore, Plaintiff's Motions to Strike will be denied.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (*Miller Rancho Vista*, 2:11-cv-00987-GMN-CWH, ECF No. 10) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff is granted leave to amend her Complaint, consistent with this opinion, **by December 30, 2011**, solely **as to the Wrongful Foreclosure cause of action** relating to the Rancho Vista Property.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (*Miller Starbuck*, 2:11-cv-00988-GMN-CWH, ECF No. 10) is **GRANTED, with prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Preliminary Injunction (*Miller Starbuck*, 2:11-cv-00988-GMN-CWH, ECF No. 48-4) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motions to Strike (*Miller Rancho Vista*, 2:11-cv-00987-GMN-CWH, ECF No. 20; *Miller Starbuck*, 2:11-cv-00988-GMN-CWH, ECF No. 24) are **DENIED**.

DATED this 5th day of December, 2011.

_____
Gloria M. Navarro
United States District Judge